# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEPHEN M. POLINSKI,**
**Claimant Below, Petitioner**

**FILED**
**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-11**          (JCN: 2023005630)

**CONSOL BAILEY MINE WV,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Stephen M. Polinski appeals the December 12, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Consol Bailey Mine WV ("Consol") filed a response.[1] Mr. Polinski filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for a right shoulder arthroscopy, subacromial decompression, and evaluation of humeral head cyst with possible bone graft, as well as closed the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 30, 2022, Mr. Polinski was riding in the outside jump seat of a mantrip that was taking Consol employees into the mine. The mantrip reversed and collided head-on with another mantrip that was going in the opposite direction. Mr. Polinski experienced pain in his right shoulder and neck following the collision. He was unable to continue working on the date of the incident and went home to ice his shoulder. Mr. Polinski returned to work the following day and was placed on light duty due to his pain levels. The safety employee told Mr. Polinski that he would schedule an appointment for him to see a doctor.

Mr. Polinski was seen by Scott Leslie, M.D., on September 9, 2022. Mr. Polinski reported that he had been in a mantrip collision on August 30, 2022, and that his right shoulder was hurting at all times. The assessment was strain of right shoulder and strain of right trapezius muscle. Dr. Leslie stated that Mr. Polinski could return to work at full duty.

---

[1] Mr. Polinski is represented by Sandra K. Law, Esq. Consol is represented by Toni J. Williams, Esq.

Mr. Polinski submitted an Employers' Report of Occupational Injury or Disease form dated September 13, 2022. The date of injury was noted as August 30, 2022. It was reported that Mr. Polinski sustained a sprain/strain to his neck and right shoulder.

On September 21, 2022, Mr. Polinski was treated by Kristy Dobson, N.P., at Wood Healthcare Clinic. Mr. Polinski reported he had continual pain, he had been taking medication with no improvement, and he had been on light duty at work since the injury. Nurse Dobson diagnosed right shoulder pain, cervical stain, and traumatic tear of supraspinatus of right shoulder. Nurse Dobson ordered an MRI of the left shoulder, and Mr. Polinski was placed on light duty pending the results. Mr. Polinski underwent the MRI on September 29, 2022, which revealed edema at the anterior insertional fibers of supraspinatus and adjacent greater tuberosity suggesting tendinopathy with reactive edema, no full thickness or retracted cuff tears, mild osteoarthritis, and no joint effusion. On September 30, 2022, a CT scan was performed on Mr. Polinski's right shoulder, which revealed no evidence of a full-thickness rotator cuff tear; mild osteoarthritis; and right upper lobe pulmonary nodules.

Mr. Polinski began treatment with Michael Myers, D.O., on November 21, 2022. Mr. Polinski reported that he had no shoulder pain prior to the August 30, 2022, work injury. The assessment was tendinopathy of the right shoulder. Dr. Myers noted that it appeared that Mr. Polinski had a small partial bursal sided tear of the supraspinatus/tendinopathy and recommended an injection in the right shoulder. Mr. Polinski followed up with Dr. Myers on January 18, 2023. He stated that the injection provided relief for about two weeks, and that he had continued physical therapy two days per week, but there had not been any more improvement. Dr. Myers noted that Mr. Polinski had stopped working a month after the injury. Dr. Myers requested authorization for WRS cold compression therapy unit; right shoulder arthroscopy; subacromial decompression, evaluation of humeral head cyst; possible bone graft; post-operative shoulder brace; and post-operative physical therapy one to three times per week for four to six weeks.

On March 29, 2023, Mr. Polinski underwent an independent medical evaluation ("IME") with D. Kelly Agnew, M.D. Dr. Agnew noted that Mr. Polinski had continued full duties after reporting his injury, but that he had been completely absent from work since early October 2022. Dr. Agnew's impression was minimal glenohumeral and acromioclavicular degenerative change accompanied by modest rotator cuff tendinopathy, which he noted was a preexisting and incidental finding; worksite injury of the right shoulder on August 30, 2022, most consistent with shoulder strain, with no evidence of structural damage on MRI, CT arthrogram, or plain films; and ongoing complaints with a significant component of nonorganicity. Dr. Agnew noted that there had been some concern about a cyst at the greater tuberosity, but that although there were some impingement changes, there was no well-defined cyst, and nothing to require bone grafting.

Further, Dr. Agnew opined that Mr. Polinski's presentation was nonorganic, in that the distribution of discomfort that he reported did not correlate with his imaging studies.

Dr. Agnew opined that Mr. Polinski had reached maximum medical improvement ("MMI") for the right shoulder strain. Dr. Agnew noted that given the vast difference in range of motion between Dr. Myers' records and Mr. Polinski's demonstration at the time of the visit, the range of motion model was invalid. Dr. Agnew opined that any impairment which might be calculated with respect to the right shoulder would be apportioned due to underlying age-related changes. Thus, Dr. Agnew apportioned 0% impairment to the August 30, 2022, injury. Dr. Agnew opined that the proposed arthroscopy surgery was not reasonable or necessary treatment for the compensable injury.

On April 5, 2023, the claim administrator issued an order denying Dr. Myers' request for authorization for right shoulder arthroscopy, subacromial decompression, evaluation and treatment of humeral head cyst, and possible bone graft, based on Dr. Agnew's findings. Mr. Polinski protested this order to the Board.

On April 18, 2023, Mr. Polinski began treatment with Jeffrey Abbott, D.O. Mr. Polinski reported constant pain in the right shoulder that increased with activity. Dr. Abbott's assessment was traumatic incomplete tear of right rotator cuff and subacromial impingement of right shoulder. Dr. Abbott recommended a right shoulder arthroscopy with possible biceps tenotomy, open rotator cuff repair, and subacromial decompression.

On May 8, 2023, the claim administrator issued another order which closed the claim for TTD benefits. On May 24, 2023, Dr. Abbott performed a right shoulder arthroscopy with labral debridement, synovectomy, and chondroplasty; and open right rotator cuff repair with subacromial decompression. The pre-operative diagnosis was traumatic full-thickness right rotator cuff tear and subacromial impingement right shoulder, and the post-operative diagnosis was traumatic full-thickness rotator cuff tear, degenerative anterior labral tear, synovitis right shoulder, subacromial impingement right shoulder, and degenerative joint disease grade three involving the glenoid.

On May 31, 2023, Mr. Polinski gave a deposition. Mr. Polinski testified that immediately after the man trip accident, he felt a pain in his right shoulder and neck, and that he left work to put ice on his injuries. Mr. Polinski stated that he returned to work the following day and was placed on light duty. Further, Mr. Polinski stated that prior to the August 30, 2022, work injury he had not had any treatment, injuries, or issues regarding the right shoulder.

By order dated December 12, 2023, the Board affirmed the claim administrator's April 5, 2023, order denying authorization for a right shoulder arthroscopy, subacromial decompression, and evaluation and treatment of humeral head cyst with possible bone

3

graft, and also affirmed the claim administrator's May 8, 2023, order which closed the claim for TTD benefits. It is from this order that Mr. Polinski now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Polinski raises five assignments of error. First, Mr. Polinski argues that the issue of his torn rotator cuff diagnosis and medically reasonable treatment was appropriately before the Board. Second, Mr. Polinski argues that the Board erred in failing to apply *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970) and *Moore v. ICG Tygart Valley LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Third, he argues that the Board erred in affirming the denial of right shoulder surgery by ignoring the progression of treatment for a shoulder injury under Rule 20. Fourth, Mr. Polinski avers that the Board erred in failing to weigh all of the evidence regarding the diagnosis of a torn rotator cuff injury. Finally, Mr. Polinski asserts that the Board erred in denying TTD benefits during his healing and recovery period following rotator cuff surgery. Upon review, we disagree.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* W. Va. Code § 23-4-3 (2005) and W. Va. Code R. § 85-20-9.1 (2006). As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we conclude that the Board was not clearly wrong in determining that right shoulder arthroscopy, subacromial decompression, and evaluation and treatment of humeral head

4

cyst with possible bone graft were not causally related to the compensable condition in this claim. The treatment requested by Dr. Myers was for the diagnosis of right rotator cuff tear. There is no evidence in the record that right rotator cuff tear has been included as a compensable condition in this claim, or that Mr. Polinski has ever requested that right rotator cuff tear be added to the claim as a compensable condition. Further, we find no merit in Mr. Polinski's argument that the issue of the right rotator cuff diagnosis was properly before the Board. Compensability of the right rotator cuff was not the issue before the Board, as the claim administrator did not address it in either the April 5, 2023, or the May 8, 2023, orders; instead, the order of April 5, 2023, merely denied authorization for surgical treatment for the right rotator cuff.

Turning to the issue of TTD benefits, the Board found that Mr. Polinski had been placed at MMI for the only compensable conditions in this claim, strain of the neck and right shoulder based on the March 29, 2023, report of Dr. Agnew. If a claimant is released to return to work, returned to work, or is placed at MMI, he or she is no longer entitled to TTD benefits. *See* W. Va. Code § 23-4-7a (2005). In this case, Dr. Agnew's finding of MMI for the compensable condition is unrefuted, and the shoulder surgery, not authorized in the claim, cannot be a basis for continued TTD benefits. The Board's decision is supported by the substantial evidence of record. Thus, the Board was not clearly wrong in affirming the claim administrator's order, which closed the case for TTD benefits.

Accordingly, we affirm the Board's December 12, 2023, order.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

5